UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY VANCOTT,** | * CIVIL ACTION NO. 16-12302 |
| | * |
| Plaintiff, | * SECTION " __ " ( __ ) |
| | * |
| **VERSUS** | * JUDGE |
| | * |
| **RUBY ENTERPRISES LLC dba IHOP** | * MAGISTRATE |
| **Defendant.** | * |
| ****************************************** | * Jury Requested. |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Kimberly VanCott, who files this complaint to obtain full and complete relief and to redress the unlawful employment practices suffered by him as described herein:

### JURISDICTION AND VENUE

**1.**

This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161, *et seq.*, Louisiana's Last Paycheck Law, La. R.S. 23:631 *et seq.*, and Louisiana's Timely Payment Law, La. R.S. § 23:633. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the actions arise under the laws of the United States. Wages owed, including overtime, penalties, and attorney's fees and costs are sought under 29 U.S.C. § 201, *et seq.*, 29 U.S.C. § 1161, *et seq.*, La. R.S. § 23:631 *et seq.*, and La. R.S. § 23:633. This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and all available relief is sought under such state laws as well.

**2.**

This action properly lies in the Eastern District of Louisiana because all acts and actions have occurred in the State of Louisiana, and the parishes of Jefferson and Orleans, which encompasses the jurisdiction and venue of the Eastern District of Louisiana. *See* 28 U.S.C. § 1391.

**PARTIES**

**3.**

Plaintiff Kimberly VanCott is of the age of majority and a resident of the State of Louisiana who was formerly employed by Defendant Ruby Enterprises LLC dba IHOP restaurants in the Greater New Orleans area.

**4.**

Defendant in this matter is Ruby Enterprises, LLC, a limited liability company created under the laws of the State of Louisiana, registered with the Louisiana Secretary of State and doing business within the State of Louisiana, domiciled in the Parish of Orleans, State of Louisiana doing business as IHOP and is an enterprise as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(r), is an employer as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is engaged in commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(s).

**FACTS**

**EMPLOYMENT WITH RUBY ENTERPRISES LLC**

**5.**

Ms. VanCott worked for Defendant Ruby Enterprises LLC dba IHOP in its corporate office in New Orleans from May 2014 through February 2016.

6.

Ms. VanCott was an employee of Ruby Enterprises LLC as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e).

7.

Ruby Enterprises LLC supervised Ms. VanCott's work on a daily basis and provided her instruction and guidance as to how to do her job.

8.

Ms. VanCott did not exert independent judgment or final decision power on any job duties assigned to her by Ruby Enterprises LLC.

9.

Ruby Enterprises LLC set Ms. VanCott's work schedule.

### SPECIFIC ACTIONS AND FACTS

10.

Ms. VanCott worked at Ruby Enterprises handling duties typical of a human resources generalist such as payroll processing and file keeping of employees.

11.

Ms. VanCott is owed at least 140.2 hours of overtime for hours worked beyond 40 hours in a given work week.  These hours were accumulated at the office, as well as when she was required to work from home on a laptop provided by Ruby Enterprises, and required to deliver payroll checks to restaurant locations.

12.

Ms. VanCott frequently worked more than forty (40) hours a week for Ruby Enterprises.

**13.**

Throughout the course of her employment with Ruby Enterprises, Ms. VanCott was not paid for any hours that she worked in excess of forty (40) hours in a given workweek.

**14.**

Ms. VanCott made complaints that she was not receiving pay for the hours over forty (40) hours she was working within a workweek.

**15.**

Ruby Enterprises intentionally and willfully violated Ms. VanCott's rights because Ruby Enterprises knew or showed reckless disregard for their compensation practices, and were aware of the custom and practice of paying overtime to employees working over forty (40) hours per work week.

**16.**

Ms. VanCott accumulated vacation time during her employment.

**17.**

Ms. VanCott accumulated three (3) weeks of unused vacation pay for which she has a vested right in based on Ruby Enterprises' vacation/leave policy or lack thereof.

**18.**

Ms. VanCott made demand for payment of her vested vacation interests but was not paid such.

**19.**

Ms. VanCott was enrolled in a healthcare plan made available to employees from Ruby Enterprises.

**20.**

Ms. VanCott, to date, has not received notice of her rights to continuation of healthcare coverage as required under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161, *et seq.*

**21.**

Ms. VanCott requested information regarding continuation of her healthcare benefits upon her termination.

**22.**

Ruby Enterprises' failure to pay Ms. VanCott overtime and requiring her to work over forty (40) hours per week most weeks, as well as Ruby Enterprises' refusal to provide payment of vested vacation time and failure to provide her with healthcare continuation notice has caused tremendous stress on Ms. VanCott, caused her problems sleeping, and caused her to gain weigh.

### CAUSES OF ACTION

### FAIR LABOR STANDARDS ACT

**23.**

Ruby Enterprises failed to pay proper overtime wages to Ms. VanCott as defined and required by the Fair Labor Standards Act.

**24.**

Alternatively, Ruby Enterprises failed to pay Ms. VanCott minimum wage as defined and required by the Fair Labor Standards Act.

**25.**

Ruby Enterprises' acts of failing to pay proper wages under the Fair Labor Standards Act were willful, intentional in nature, or a reckless disregard of the requirements of the Fair Labor Standards Act.

**26.**

Ms. VanCott seeks to recover unpaid wages, interest, liquidated damages, and attorney's fees and such declaratory and injunctive relief as is appropriate, in accordance with the Fair Labor Standards Act.

### LOUISIANA'S LAST PAYCHECK LAW

**27.**

Ruby Enterprises failed to timely pay all wages and monies due and owed to Ms. VanCott at the termination of her employment from Ruby Enterprises, including failing to pay out vested vacation hours.

**28.**

Ms. VanCott made demand for these unpaid wages, monies and vacation hours upon her termination from Ruby Enterprises as defined and required by Louisiana's Last Paycheck law.

**29.**

Ruby Enterprises' did not paying out wages and monies owed upon demand after termination as required under Louisiana's Last Paycheck Law (La. R.S. § 23:631 *et seq.*).

**30.**

Ms. VanCott seeks to recover unpaid wages, interest, liquidated damages, and attorney's fees and such declaratory and injunctive relief as is appropriate, in accordance with the Louisiana's Last Paycheck Law.

## LOUISIANA'S TIMELY PAYMENT LAW

**31.**

Ruby Enterprises failed to make full payment to Ms. VanCott for services performed at no less than twice during each calendar month thus violating Louisiana's Timely Payment Law (La. R.S. § 23:633 *et seq.*).

## CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT

**32.**

Ruby Enterprises failed to provide Ms. VanCott with proper notice of her rights regarding continuation of healthcare coverage as required by the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161, *et seq.*

**33.**

Ms. VanCott seeks to recover actual damages, liquidated damages, penalties, attorney's fees and other available remedies as is appropriate, in accordance with the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161, *et seq.*

**34.**

As a result of Ruby Enterprises' actions or inactions, Ms. VanCott has suffered loss of income and damages, including emotional stress injuries, for which Ruby Enterprises is liable to Ms. VanCott.

**35.**

Ms. VanCott further alleges her rights and privileges established under any other applicable or related law, equity, and fairness.

## JURY DEMAND

**36.**

Ms. VanCott requests and demands a trial by jury as authorized under the Federal Rules of Civil Procedure, Rule 38(b).

## PRAYER

**37.**

WHEREFORE, Plaintiff, Kimberly VanCott prays that this Court:

a. Declare that the acts and practices of Ruby Enterprises LLC dba IHOP complained of herein are in violation of United States and Louisiana laws;

b. Enjoin and permanently restrain Ruby Enterprises LLC dba IHOP from engaging in such unlawful practices;

c. Award Ms. VanCott all earnings and benefits he did not receive because of the actions of Ruby Enterprises LLC dba IHOP including but not limited to lost wages, unpaid wages, pre-judgment interest, and any other lost benefits;

d. Award Ms. VanCott her actual damages because of the actions or inactions of Ruby Enterprises, LLC.

e. Award Ms. VanCott liquidated or penalty damages for Ruby Enterprises LLC dba IHOP's failure to provide Ms. VanCott with a continuation of healthcare benefits notice under the Consolidated Omnibus Budget Reconciliation Act of 1985.

f. Award Ms. VanCott 90-days of pay for Ruby Enterprises LLC dba IHOP's failure to timely pay all monies owed to Ms. VanCott at the conclusion of his employment with Ruby Enterprises;

g.  Award Ms. VanCott liquidated damages based on Ruby Enterprises LLC dba IHOP's willful violation of the Fair Labor Standards Act and any and all punitive and penalty damages available under any law;

h.  Award Ms. VanCott costs and attorney's fees;

i.  Grant Ms. VanCott any such relief as this Court may deem just and proper.

Respectfully submitted,

**BRANDNER LAW FIRM, L.L.C.**

_____
MICHAEL S. BRANDNER, JR. (#27973)
BRYCE A. MURRAY, TA, (#28968)
1502 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  (504) 552-5000
Facsimile:  (504) 521-7550
Email: Michael@brandnerlawfirm.com
Email: Bryce@brandnerlawfirm.com
*Attorneys for Plaintiff*

**SERVICE TO BE MADE UPON:**

**RUBY ENTERPRISES LLC DBA IHOP
through its Registered Agent:**
Nadia Esmail
3733 Lake Michelle Court
Gretna, Louisiana 70056

9